UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA TIERNEY, individually and on behalf of other persons similarly situated who were employed,<br><br>      Plaintiffs,<br><br>  - against -<br><br>SIRIUS XM RADIO, INC., and/or any other entities affiliated with or controlled by SIRIUS XM RADIO, INC.,<br><br>      Defendants. | **Case No. 14-cv-2926 (VEC)** |

### DEFENDANT SIRIUS XM RADIO INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

JONES DAY
Matthew W. Lampe
Emilie A. Hendee
222 East 41st Street
New York, NY 10017
Phone: (212) 326-3939
Fax: (212) 755-7306
mwlampe@jonesday.com
ehendee@jonesday.com

*Attorneys for Defendant Sirius XM Radio Inc.*

***ORAL ARGUMENT REQUESTED***

## **TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ........................................................................................ 1

II.  BACKGROUND FACTS.................................................................................................. 2

III. ARGUMENT..................................................................................................................... 6

      A.   Plaintiff Has Failed To Show Good Cause
          For Her Untimely Motion To Amend. ..................................................................... 6

      B.   Tierney Should Be Required To Participate In Discovery. ..................................... 8

      C.   The Statute Of Limitations Should Not Be Tolled. ............................................... 11

IV.  CONCLUSION................................................................................................................ 12

## **TABLE OF AUTHORITIES**

**Page**

**CASES**

Antoninetti v. Chipotle, Inc.,
   2011 U.S. Dist. LEXIS 54854 (S.D. Cal. 2011) ...................................................................9

In re Warner Chilcott Sec. Litig.,
   2008 U.S. Dist. LEXIS 7613 (S.D.N.Y. Feb. 4, 2008) ..........................................................10

Lluberes v. City of Troy,
   2014 U.S. Dist. LEXIS 39799 (N.D.N.Y. Mar. 21, 2014) .......................................................8

Mark v. Gawker Media LLC,
   2014 U.S. Dist. LEXIS 155424 (S.D.N.Y. Nov. 3, 2014) .....................................................11

Moore v. Publicis Groupe SA,
   2013 U.S. Dist. LEXIS 120024 (S.D.N.Y. Aug. 23, 2013) ..................................................6, 8

Morangelli v. Chemed Corp.,
   2011 U.S. Dist. LEXIS 151 (E.D.N.Y. Jan 1, 2011) ...............................................................9

Moreno v. Autozone,
   2007 U.S. Dist. LEXIS 98618 (N.D. Cal. Aug. 3, 2007) ........................................................9

Oscar v. BMW of N. Am., LLC,
   2011 U.S. Dist. LEXIS 146395 (S.D.N.Y. Dec. 20, 2011) ..................................................6, 7

Parker v. Columbia Pictures Indus.,
   204 F.3d 326 (2d Cir. 2000) (Sotomayor, J.) .......................................................................1, 6

Redmond v. Moody's Investors Serv.,
   1995 U.S. Dist. LEXIS 6277 (S.D.N.Y. May 10, 1995) .......................................................11

Ritz v. Mike Rory Corp.,
   2013 U.S. Dist. LEXIS 67840 (E.D.N.Y. May 13, 2013) ..................................................2, 12

Sokol Holdings, Inc. v. BMB Munai, Inc.,
   2009 U.S. Dist. LEXIS 72659 (S.D.N.Y. Aug. 14, 2009) .......................................................7

Tracy v. NVR, Inc.,
   293 F.R.D. 395 (W.D.N.Y. 2013) .........................................................................................10

**STATUTES**

The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, et seq........................... passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15 .............................................................................................................................6, 7

Fed. R. Civ. P. 16 .............................................................................................................................6, 8

Fed. R. Civ. P. 21 .............................................................................................................................1, 8

Fed. R. Civ. P. 23 .............................................................................................................................2, 10

I.      **PRELIMINARY STATEMENT**

For the last nine months, Plaintiff Melissa Tierney ("Plaintiff" or "Tierney") has prosecuted this minimum wage case under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") as a putative class and collective action on behalf of individuals who interned at Defendant Sirius XM Radio Inc. ("Sirius XM").  Tierney has already provided declaration testimony – on which this Court relied in granting Tierney's motion for conditional certification of an FLSA opt-in class (see Oral Arg. Mot. Conditional Class Certification Tr. 39, Nov. 7, 2014, ECF No. 51) – and has relevant documents that she still has not produced.  However, on the eve of her deposition, Tierney's counsel informed Sirius XM that Tierney refuses to be deposed and wants to withdraw as a named plaintiff and class representative, but insists on remaining eligible for relief as a putative class member.

Against this backdrop, the instant motion for leave to amend should be denied.  Plaintiff falls well short of establishing good cause for her proposed amendment.  See Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) (Sotomayor, J.) (good cause required where the deadline for amending pleadings has passed).  Under no circumstances does a desire to avoid discovery (including cross examination on an already submitted sworn declaration) constitute good cause.  Tierney has not put forward any evidence whatsoever explaining her last minute refusal to be deposed, her desire to withdraw only after submitting sworn declaration testimony that Sirius XM did not have the opportunity to test at the time, or her belief that she should remain eligible for relief while simultaneously depriving Sirius XM of important evidence.  At a minimum, this Court should use its discretionary power under Fed. R. Civ. P. 21 to permit the substitution only on the condition that Tierney submit to a deposition and complete all other applicable discovery.  See Fed. R. Civ. P. 21 (permits addition or removal of a party "on just terms").

1

The Court should likewise deny Tierney's request for tolling of the FLSA statute of limitations for potential class members. When the Court approved the form of class notice, which identified Tierney as the named plaintiff, it also set a deadline of 20 days after Sirius XM provided Plaintiff the class list (*i.e.*, December 29, 2014) for Plaintiff to issue the notice. In light of Tierney's refusal to proceed as named plaintiff, and the need for Court approval to amend the class notice to identify any replacement plaintiff, the class notice has yet to issue. Plaintiff asks the Court to toll the statute of limitations from December 29, 2014 until the date notice is ultimately issued. But such tolling is only permitted in "rare and exceptional circumstances" where a party has been "prevented in some extraordinary way from exercising [her] rights," see Ritz v. Mike Rory Corp., 2013 U.S. Dist. LEXIS 67840, at *7 (E.D.N.Y. May 13, 2013) (citation and internal quotations omitted), and that is not the case here. Much to the contrary, any delay in issuance of notice is attributable solely to Tierney's own last minute cancelation of her deposition and refusal to go forward as named plaintiff a mere two weeks before the Court-ordered deadline to issue notice.

## II.   BACKGROUND FACTS

On April 25, 2014, Tierney, a former Sirius XM intern, filed the Complaint in this action, alleging that she is owed minimum wage under the FLSA and NYLL for the period of her internship. (ECF No. 2 ("Complaint").) In the Complaint, Tierney seeks to assert her FLSA claims on behalf of an opt-in class pursuant to 29 U.S.C. § 216(b), and she further seeks to assert her NYLL claims on behalf of an opt-out class under Fed. R. Civ. P. 23. (See Complaint ¶¶ 16, 18, 20.) Specifically, Tierney alleges in her Complaint that "[t]his action is brought on behalf of the Plaintiff and a class consisting of similarly situated employees who worked for Defendants as interns, and were thus misclassified as exempt from minimum wage requirements." (Complaint ¶ 17; see also id. at ¶¶ 1, 2, 3, 5, 43, 71.) On July 11, 2014, the Court approved the parties'

proposed case management plan and scheduling order (ECF No. 20), which set an August 10, 2014 deadline for amendment of the pleadings (id. at ¶ 2).

On July 25, 2014, Plaintiff Tierney moved for conditional certification of an FLSA opt-in class of Sirius XM interns (ECF No. 22), arguing that she is "similarly situated" to such interns (ECF No. 24 at pp. 13-17).  In support of her motion, Tierney submitted a declaration in which she stated that "Sirius treated other interns in a manner similar to me."  (ECF No. 23-6, ¶ 12).  In her declaration testimony, Tierney characterized her internship duties as "running errands, placing orders, obtaining breakfast orders, delivering food items to on-air personality and office staff, reviewing news clips, reporting to on-air personalities, compiling data, and obtaining signatures from guests."  (Id. at ¶ 5.)  On November 7, 2014, the Court granted Tierney's motion for conditional certification (Oral Arg. Mot. Conditional Class Certification Tr. 39, Nov. 7, 2014, ECF No. 51) based in part on her sworn declaration, which Judge Caproni opined made Plaintiff's internship sound like "gopher" work (id. at 25).

On December 1, 2014, the Court entered an order approving the form of the Notice of Lawsuit and Consent to Join form (ECF No. 48) and setting a deadline of December 29, 2014 for Plaintiff to issue the notice (20 days after Sirius XM provided the relevant contact information to Plaintiff's counsel) (ECF No. 49, ¶ 3).  The Notice of Lawsuit included the case caption of "Tierney v. Sirius XM Radio Inc.", and referred to Tierney in her role of named plaintiff and class representative.  (ECF No. 55-2.)

Discovery commenced in the interim, and, on November 19, 2014, Sirius XM noticed Tierney's deposition, and the parties agreed to hold it on December 16, 2014.  (Lampe Decl

¶ 3.)[1]  On November 19, 2014, Sirius XM also sent Plaintiff a letter regarding deficiencies in Tierney's document production, to which Plaintiff responded on December 4, 2014, refusing to produce certain documents and identifying telephonic message recordings that Plaintiff located relating to her internship.  (Id. at ¶ 4.)  On December 5, 2014, Sirius XM replied to Plaintiff with a letter objecting to Plaintiff's continuing refusal to produce Plaintiff's college transcript, cover letters and job applications, as well as requesting the production of the telephonic message recordings that Plaintiff located.  (Id. at ¶ 5.)  To date, Plaintiff has not produced these documents or telephonic messages.  (Id.)

On December 15, 2014, the day before Tierney's deposition, Plaintiff's counsel informed Sirius XM that Tierney refused to go forward with her deposition and did not wish to proceed as a named plaintiff and class representative.  (Id. at ¶ 6.)  Plaintiff's counsel informed Sirius XM that Tierney intended to remain eligible for relief as a putative class member and would not dismiss her NYLL claims with prejudice.[2]  (Id. at ¶ 7.)  Plaintiff's counsel indicated that they intended to find a new named plaintiff to replace Tierney, but they did not have one lined up at that time.  (Id. at ¶ 8.)

On December 22, 2014, Plaintiff's counsel sent Sirius XM a proposed amended complaint, by which opt-in Justin Vitetta would replace Tierney as the named plaintiff.  (Id. at ¶ 9.)  Vitetta was deposed on December 12, 2014.  (Id. at ¶ 10.)  In the proposed amended complaint, as Tierney had done in the Complaint, Vitetta characterized his duties as representative of all other Sirius XM interns and he alleged that he is similarly situated to his

---

[1] The Declaration of Matthew W. Lampe in Support of Sirius XM's Opposition to Plaintiff's Motion to Amend the Complaint is submitted herewith and cited as "Lampe Decl."

[2] Plaintiff's counsel stated at the time that Tierney would dismiss her FLSA claim with prejudice, remaining a class member only as to her NYLL claim (id. at ¶ 7), but the instant motion makes no mention of Tierney dismissing even her FLSA claim with prejudice.

proposed class. (See ECF No. 55-1, ¶ 17 ("This action is brought on behalf of the Plaintiff and a class consisting of similarly situated employees who worked for Defendants as interns, and were thus misclassified as exempt from minimum wage requirements.").) A declaration submitted by Vitetta in support of Plaintiff's Motion for Conditional Certification characterizes his internship duties very differently from how Tierney described her duties in her own declaration. (Compare Tierney Decl. ¶ 5, ECF No. 23-6, with Vitetta Decl. ¶ 6, ECF No. 23-8.) Tierney claimed to perform "gopher" work such as delivering food orders (Oral Arg. Mot. Conditional Class Certification Tr. 25, Nov. 7, 2014, ECF No. 51), Vitetta testified that his "typical duties included completing reports, analyzing data, editing, adding new music, completing forms for royalties, preparing content to go on the airwaves, uploading and preparing content to the daily music log, telephone call screening for shows, and filing" (Vitetta Decl. ¶ 6, ECF No. 23-8).

On January 6, 2015, Plaintiff filed the instant Motion to Amend the Complaint. (ECF No. 54.) Tierney did not submit any evidence of good cause to support her late request to amend the Complaint. In fact, the only evidence that Plaintiff submitted along with the motion is the Declaration of LaDonna Lusher (ECF No. 55), Plaintiff's counsel, which attached the revised versions of the Complaint, Notice of Lawsuit, and Consent to Join form, but did not provide any evidence supporting Plaintiff's request to amend the complaint.

Plaintiff's Motion to Amend the Complaint should be denied because she has not demonstrated good cause for her untimely motion. However, if the Court permits an amendment of the Complaint, it should do so on the condition that Tierney appear for a deposition and produce all relevant materials in her possession. Lastly, Plaintiff's request for tolling of the statute of limitations should be denied.

### III. ARGUMENT

#### A. PLAINTIFF HAS FAILED TO SHOW GOOD CAUSE FOR HER UNTIMELY MOTION TO AMEND.

"[W]hen a scheduling order has been entered which has restricted a party's ability to file an amended complaint," Rule 15 "must be balanced against the more stringent standard of Rule 16, under which an order 'may be modified only for good cause.'" Oscar v. BMW of N. Am., LLC, 2011 U.S. Dist. LEXIS 146395, at *5 (S.D.N.Y. Dec. 20, 2011) (quoting Fed. R. Civ. P. 16). Rule 16(b) "directs district court judges to set scheduling orders limiting the time to make . . . amendments" to the pleadings. Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000). "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and pleadings will be fixed.'" Id. at 339-40 (quoting Fed. R. Civ. P. 16 advisory committee note). Therefore, the Second Circuit has held that the "Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." Parker, 204 F.3d at 340.

"To show good cause, a movant must demonstrate that it has been diligent." Oscar, 2011 U.S. Dist. LEXIS 146395, at *5 (citing Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 266-67 (2d Cir. 2009)). This means "that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." Id. (citations and internal quotations omitted). "A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." Id. at *6 (citations and internal quotations omitted); see also Moore v. Publicis Groupe SA, 2013 U.S. Dist. LEXIS 120024, at *22-26 (S.D.N.Y. Aug. 23, 2013) (denying motion to amend the complaint where proposed amendments were based on information that, with reasonable

-6-

diligence, should have been gathered by plaintiffs' counsel from individuals when they opted into the case.)

"Thus, to be entitled to amend their pleading, [p]laintiffs must first show good cause for their failure to meet the amendment deadline set in the Court's Scheduling Order." Sokol Holdings, Inc. v. BMB Munai, Inc., 2009 U.S. Dist. LEXIS 72659, at *24-25 (S.D.N.Y. Aug. 14, 2009). "Only if they are able to do so, would the Court need to consider whether the proposed amendment would be futile, unduly prejudicial, or otherwise improper based on the Rule 15(a) standards that otherwise govern motions to amend." Id. at *25 (citing Parker, 204 F.3d at 340).

Here, Plaintiff's desire to avoid her properly noticed deposition, after reaping the benefits of her earlier declaration testimony, is worlds away from good cause to justify the late amendment and substitution she seeks. See ECF No. 20, ¶ 2 (setting August 10, 2014 as the deadline for amendment of the pleadings). Likewise, Plaintiff cannot show that she was diligent in bringing this motion because "the proposed amendment rests on information that [Plaintiff] knew, or should have known, in advance of the deadline." Oscar, 2011 U.S. Dist. LEXIS 146395, at *6. Appearing for a deposition is the most basic obligation of a named plaintiff in a lawsuit, much less one who is seeking to assert claims as a class representative in a class action lawsuit. Plaintiff was undoubtedly informed by her counsel that this would be expected of her. There is no justification for springing Tierney's reluctance on Sirius XM on the eve of her deposition, after she had advanced the litigation for nine months, obtaining conditional certification along the way based in part on her declaration testimony.

To the extent there is any doubt, the complete lack of good cause here is confirmed by the fact that Plaintiff makes no attempt in the instant motion to demonstrate good cause. Neither Tierney nor her counsel have provided any reasons, much less any testimony, on *why* Tierney

wants to substitute another plaintiff for herself, *why* she waited until this point in the case to seek substitution, and *how* she justifies her insistence on remaining eligible for relief as a putative class member. The only evidence Plaintiff submits with the motion is the Declaration of LaDonna Lusher (ECF No. 55), Plaintiff's counsel, which identifies and attaches the revised versions of the Complaint, Notice of Lawsuit, and Consent to Join form.

Plaintiff cannot demonstrate (and has not even attempted to demonstrate) good cause to permit the untimely filing of an amended complaint. As a result, the motion should be denied. See Moore, 2013 U.S. Dist. LEXIS 120024, at *35 (good cause was not established where "plaintiffs' moving brief offers no explanation as to why they waited" approximately 10 months after a person opted in to try to convert her to a named plaintiff).

> **B.    TIERNEY SHOULD BE REQUIRED TO PARTICIPATE IN DISCOVERY.**

Even if Plaintiff could satisfy the Fed. R. Civ. P. 16 good cause standard (which she plainly cannot), this Court should condition the granting of Plaintiff's request for amendment and substitution on Tierney's participation in the discovery process, including her appearance at a deposition and the production of all relevant materials in her possession. See Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, *on just terms*, add or drop a party.") (emphasis added); see also Lluberes v. City of Troy, 2014 U.S. Dist. LEXIS 39799, at *71 (N.D.N.Y. Mar. 21, 2014) ("[t]he Second Circuit has accorded trial courts broad discretion to employ" Fed. R. Civ. P. 21).

Here, for multiple reasons, the Court should require Tierney to participate in discovery (even if she is allowed to step aside as a named plaintiff). First, Tierney has indicated that, notwithstanding her requested withdrawal as class representative, she wants to remain a class member. That is, despite the fact that Tierney has flouted the most basic and fundamental

obligations of a plaintiff, she wants to retain her eligibility to recover in the event of a class judgment. Such a result, in addition to being highly unfair to Sirius XM, would be contrary to the principle that plaintiffs who fail to participate in discovery should be dismissed *with prejudice*. See Morangelli v. Chemed Corp., 2011 U.S. Dist. LEXIS 151, at *3, 7-8 (E.D.N.Y. Jan 1, 2011) (ordering the dismissal with prejudice of opt-ins who refused to be deposed because "[w]hen an individual voluntarily chooses to participate in lawsuit, he takes on the obligation to provide discovery about his claim.").

Second, the Court should require Tierney to participate in discovery because she has already submitted sworn testimony on which this Court relied in granting Plaintiff's motion for conditional certification. See e.g., Antoninetti v. Chipotle, Inc., 2011 U.S. Dist. LEXIS 54854, at *4-6 (S.D. Cal. 2011) (granting motion to compel depositions of class members who submitted declarations in support of class certification motion); Moreno v. Autozone, 2007 U.S. Dist. LEXIS 98618, at *1 (N.D. Cal. Aug. 3, 2007) (compelling discovery of class members who submitted declarations in support of the plaintiff's motion for class certification). Regardless of her status of a named plaintiff going forward, Tierney has already submitted a declaration that the Court has analyzed and credited in allowing this case to proceed as a collective action. It would be a fundamental deprivation of Sirius XM's rights to deny it the opportunity to cross-examine Tierney concerning her assertions in this declaration.

Third, deposing Tierney concerning her declaration is critical to Sirius XM's class certification defenses. Tierney's alleged "gopher" work of "running errands, placing orders, obtaining breakfast orders, [and] delivering food items to on-air personality and office staff" (Tierney Decl ¶ 5, ECF No. 23-6) is vastly different from the type of duties that the proposed new named plaintiff, Mr. Vitetta, claims to have performed as a Sirius XM intern, such as

"completing reports, analyzing data, editing, adding new music, completing forms for royalties, preparing content to go on the airwaves, uploading and preparing content to the daily music log, telephone call screening for shows, and filing" (Vitetta Decl ¶ 6, ECF No. 23-8). The extent to which alleged duties and experiences are common or individualized is at the heart of the class certification inquiry under Rule 23 and 29 U.S.C. § 216(b). See Fed. R. Civ. P. 23 (class certification turns on, among other things, commonality, typicality, and the predominance of common issues over individual issues); Tracy v. NVR, Inc., 293 F.R.D. 395, 397 (W.D.N.Y. 2013) (under the second stage 29 U.S.C. § 216(b) analysis, courts in the Second Circuit have traditionally looked to: "(1) whether the factual and employment settings of the individual plaintiffs are disparate; (2) whether the defenses available to the defendant are individual to each plaintiff; and (3) the fairness and procedural considerations militating for or against collective action treatment.").

For her part, Plaintiff has not cited a single case where a named plaintiff stepped down as class representative after submitting declaration testimony, but was permitted to continue as a class member after refusing to sit for a deposition or participate in discovery. Rather, without any such support, Tierney asks for permission to step aside as named plaintiff of her own volition to avoid her discovery obligations, yet remain in the case so she can potentially enjoy the benefits of participating as a class member. The Court should not countenance this type of gamesmanship, and should require Tierney to participate fully in discovery (even if an amendment of the Complaint is allowed).[3]

---

[3] Even if Tierney dismisses with prejudice her FLSA claim and remains in the action only with NYLL claims as an absent class member, Sirius XM should still be allowed to depose Tierney and obtain her complete responses to written discovery. Discovery from absent class members is generally permitted where (1) it is needed for the purposes of trial or the issues common to the class, (2) is narrowly tailored, (3) will impose no undue burden on the absent class members, and (4) is not available from representative plaintiffs. See In re Warner Chilcott Sec.

## C. THE STATUTE OF LIMITATIONS SHOULD NOT BE TOLLED.

Plaintiff's request to toll the statute of limitations should be denied because Plaintiff has wholly failed to identify extraordinary circumstances warranting tolling. "In the Second Circuit, equitable tolling can apply only when a party has (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." Mark v. Gawker Media LLC, 2014 U.S. Dist. LEXIS 155424, at *5 (S.D.N.Y. Nov. 3, 2014) (citing Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80-81 (2d Cir. 2003)). "The most common circumstance where equitable tolling might apply to FLSA actions is where the defendant has concealed the existence of a cause of action from the plaintiffs, and even then only if the plaintiffs had no actual notice of the right to bring an action." Id. at *5-6 (holding that tolling is not appropriate based on the passage of time while a conditional certification motion is pending). No such inequitable circumstances are present in this case.

Here, Plaintiff requests that this Court toll the statute of limitations during the period of time between December 29, 2014 (the date notice was originally scheduled to issue) and the date the notice is ultimately issued. Plaintiff's sole grounds for this request are that the purported "non-substantive revisions to the Notice and Consent Form substituting the name of the Plaintiff should not have necessitated this motion." (Pl. Motion p. 8.) But Plaintiff ignores that any delay

---

(continued…)

Litig., 2008 U.S. Dist. LEXIS 7613, at *4-5 (S.D.N.Y. Feb. 4, 2008); see also Redmond v. Moody's Investors Serv., 1995 U.S. Dist. LEXIS 6277, at *6-7 (S.D.N.Y. May 10, 1995) (compelling depositions of absent class members who submitted affidavits regarding class certification issues). In the circumstances present here, this test is easily satisfied. Tierney's testimony is highly relevant to class certification issues, particularly since Tierney has already submitted a declaration that describes duties far different than those performed by other Sirius XM interns, including putative replacement Vitetta. The discovery here is narrowly tailored and would impose no undue burden on Tierney, especially considering that she has been in the role of named plaintiff for the first nine months of the case. Further, Tierney's testimony about her own duties is not available from any other putative named plaintiff.

in the issuance of the class notice is attributably directly to Tierney's own actions in notifying Sirius XM of her intention to withdraw as named plaintiff on the day before her scheduled deposition and a mere two weeks before Plaintiff's deadline to distribute the notice to putative class members. Plaintiff's last minute purported withdrawal – which necessitated the revisions to the class notice previously approved by the Court – is the sole cause of this delay and does not warrant tolling of the statute of limitations. See Ritz v. Mike Rory Corp., 2013 U.S. Dist. LEXIS 67840, at *7 (E.D.N.Y. May 13, 2013) (tolling of FLSA statute of limitations permitted only in "rare and exceptional circumstances" where a party has been "prevented in some extraordinary way from exercising his rights") (citations and internal quotations omitted).

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Leave to Amend the Complaint, or, at a minimum, this Court should only permit Mr. Vitetta's substitution for Tierney on the condition that Plaintiff Tierney appear for a deposition and complete her participation in written discovery. Further, Plaintiff's request to toll the statute of limitations should be denied.

Dated: January 16, 2015

Respectfully submitted,

By: /s/ *Matthew W. Lampe*
Matthew W. Lampe (ML 2602)
Emilie A. Hendee (EH 2835)
JONES DAY
222 East 41st Street
New York, NY 10017
Phone: (212) 326-3939
Fax: (212) 755-7306
mwlampe@jonesday.com
ehendee@jonesday.com

*Attorneys for Defendant Sirius XM Radio Inc.*

**CERTIFICATE OF SERVICE**

     I hereby certify that on January 16, 2015, a copy of the foregoing Defendant Sirius XM Radio Inc.'s Opposition to Plaintiff's Motion to Amend the Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: January 16, 2015

Respectfully submitted,

By: /s/ *Matthew W. Lampe*
Matthew W. Lampe (ML 2602)
Emilie A. Hendee (EH 2835)
JONES DAY
222 East 41st Street
New York, NY 10017
Phone: (212) 326-3939
Fax: (212) 755-7306
mwlampe@jonesday.com
ehendee@jonesday.com

*Attorneys for Defendant Sirius XM Radio Inc.*

NYI-524633205v3