UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/17/2016
```

JUSTIN VITETTA and DANIEL MILLER, individually and on behalf of other persons similarly situated who were employed,

                                      Plaintiffs,

- against -

SIRIUS XM RADIO INC., and/or any other entities affiliated with or controlled by SIRIUS XM RADIO INC.,

                                      Defendant.

Case No. 14 Civ. 2926 (VEC)

**ORDER CONFIRMING CERTIFICATION OF CLASS/COLLECTIVE ACTION AND GRANTING FINAL APPROVAL TO SETTLEMENT, AND GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES AND SERVICE AWARDS**

On August 3, 2015, the Parties to this action entered into a Joint Stipulation of Settlement and Release (the "Agreement") (ECF No. 96-1) and they applied for preliminary approval of the agreement and the terms thereof (ECF No. 95). On August 5, 2015, this Court granted preliminary approval to the Agreement, conditionally certified the FLSA Collective and the group of Current FLSA Opt-Ins under 29 U.S.C. § 216(b), and provisionally certified the NY Class and the D.C. Class under Rule 23 of the Federal Rules of Civil Procedure (ECF No. 97). This Court subsequently directed that notice of the Agreement, its terms, and the applicable procedures and schedules be provided to Current FLSA Opt-Ins and to members of the FLSA Collective, the NY Class, and the D.C. Class. All NY Class Members and D.C. Class Members were given an opportunity to object to the settlement or opt out of it.

On December 18, 2015, the Parties jointly filed a Motion for Judgment and Final Approval (the "Final Approval Motion"). The Court held a hearing on that motion on January 5, 2016.

-2-

And, on December 18, 2015, Class Counsel filed a Motion for Approval of an Award of Attorneys' Fees and Costs and for Approval of Service Awards for Named Plaintiff Justin Vitetta, D.C. Plaintiff Daniel Miller, and Current FLSA Opt-In Matthew Goldberg, which Defendant did not oppose. This Court held a hearing on these separate motions on January 5, 2016.

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Agreement the Final Approval Motion, as well as the Parties' briefs, declarations, and arguments in support of that motion, and the proceedings in this Litigation to date, that:

1. Except as otherwise specified herein, for purposes of this Order the Court adopts all defined terms set forth in the Agreement;

2. This Court has jurisdiction over the subject matter of this Litigation and all matters relating thereto, and over all Parties;

3. This Court confirms as final its provisional certification under Fed. R. Civ. P. 23(a) and (b)(3) of the NY Class and the D.C. Class solely for purposes of settlement and based on its findings in the Court's August 5, 2015 Order. The NY Class and the D.C. Class raise the state law class claims identified in the Second Amended Complaint.

4. The Court confirms as final the appointment of Vitetta and Miller as class representatives of the FLSA Collective; Vitetta as class representative of the NY Class; and Miller as class representative of the D.C. Class.

5. The Court likewise confirms as final the appointment of Virginia & Ambinder LLP, and Leeds Brown Law, P.C., as Class Counsel.

6. Solely for purposes of settlement, the Court confirms as final its conditional designation of the Participating Claimants and the Current FLSA Opt-Ins as an FLSA collective

action pursuant to 29 U.S.C. § 216(b).  The Court finds that certain individuals (Named Plaintiff, Current FLSA Opt-Ins, and Participating Claimants) have opted into this FLSA collective action, and that these individuals are similarly situated for purposes of settlement, and the Court therefore certifies this group as a collective action.

7.      If, for any reason, this Final Approval Order and the final judgment entered concurrently herewith do not become Final, this Final Approval Order, including the certification of the NY Class and D.C. Class under Rule 23, and the grant of final certification of the Participating Claimants and the Current FLSA Opt-Ins under 29 U.S.C. § 216(b), shall be vacated; the Parties shall return to their respective positions in this Litigation as those positions existed immediately before the Parties executed the Agreement; and nothing stated in the Agreement or any other papers filed with this Court in connection with the settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

8.      The Notices to Class Members, pursuant to this Court's August 5, 2015 Order, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution and any other applicable law.

9.      This Court approves the Parties' retention of Rust Consulting, Inc. ("Rust") as Settlement Claims Administrator.  The Court also approves payment to Rust of $42,500, representing the reasonable costs of claims administration.

10.     The Court deems valid the 16 Claim Forms that were submitted to Rust after the Claim Form Deadline that are referenced in Paragraph 15 of the December 18, 2015 Declaration of Abigail Schwartz (ECF No. 106).  The individuals who submitted these Claim Forms shall be

deemed Participating Claimants upon Class Counsel's filing of the Claim Forms with the Court. The Court also deems valid the Claim Forms of Class Members Peter Smith and James Graceffo. These individuals shall be deemed Participating Claimants upon Class Counsel's filing of completed Claim Forms for these two individuals with the Court. The Opt-Out Statement previously filed on behalf of Peter Smith (ECF No. 108, page 40) is hereby withdrawn. Other than as set forth in this Order, no other late filed Claim Forms will be deemed valid.

11. This Court grants final approval to the Agreement and the settlement set forth therein. The Court finds that the settlement is fair, reasonable, and adequate in all respects and that it is binding on Named Plaintiff; all Current FLSA Opt-Ins; all Participating Claimants; and all NY Class Members and D.C. Class members who did not timely opt out pursuant to the procedures set forth in this Court's August 5, 2015 Order and the Agreement. A list of NY Class Members and D.C. Class Members who timely opted out is attached to the Final Judgment as Exhibit A. The Court specifically finds that the settlement is rationally related to the strength of the claims in this case given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the Parties, after thorough factual and legal investigation.

12. By operation of the entry of this Order, the following claims are fully, finally and forever released, relinquished and discharged: (1) all claims described in Sections 1.28 and 1.29 of the Agreement in accordance with Section 10 of the Agreement, (2) all claims in the Claim Form executed by Participating Claimants (Exhibit I to the Agreement), and (3) all claims in the individual release executed by Goldberg (Exhibit K to the Agreement). The Court has reviewed

the documents referenced above and finds all of these releases to be fair, reasonable, and enforceable under the FLSA and Fed. R. Civ. P. 23 and all other applicable law.

13. The Parties entered into the Agreement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Named Plaintiff and the other Class Members, individually or collectively, liability being expressly denied by Defendant.

14. The Parties are ordered to carry out the settlement according to the terms of the Agreement.

15. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Agreement.

FURTHER, IT IS HEREBY ORDERED, upon consideration of Class Counsel's Motion for Approval of An Award of Attorneys' Fees and Costs, as well as Class Counsel's brief, declarations, and oral argument in support of that motion, that:

16. The Court grants to Class Counsel an award of attorneys' fees and costs of $324,337.50. Such award is reasonable in light of the effort expended and risks undertaken by Class Counsel, and the results of such efforts including the ultimate recovery obtained.

17. This fee award supersedes and extinguishes any prior agreement between Class Counsel and Named Plaintiff and/or other Class Member concerning attorneys fees and costs associated with the Litigation, and it shall be the full, final, and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of the Named Plaintiff, the Current FLSA Opt-Ins, the FLSA Collective, the Participating Claimants, the NY Class, and the D.C. Class.

FINALLY, IT IS HEREBY ORDERED, upon consideration of the Motion for Approval of Service Awards, as well as the brief, declarations, and oral argument in support of that motion, that:

18. Service awards are approved as follows:

> To Vitetta: $10,000
>
> To Miller: $5,000
>
> To Goldberg: $5,000.

Such service awards are in addition to the amounts these individuals will otherwise be eligible to receive as their share of the recovery. Such service awards are to compensate Vitetta, Miller, and Goldberg for the time and effort expended in assisting in the prosecution of the litigation and the ultimate recovery.

DATED: 2/17/2016

_____
Hon. Valerie Caproni
United States District Judge